IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DON ROBERT FAIRCLOTH,

    Petitioner,

v.                                      CIVIL ACTION NO.: CV612-043

GREGORY McLAUGHLIN, Warden,

    Respondent.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Don Robert Faircloth ("Faircloth"), an inmate currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss. Faircloth filed a Reply. The Court ordered Respondent to respond to Faircloth's Reply; Respondent timely complied. Faircloth filed a Request to Call Witnesses, to which Respondent filed a Response in Opposition. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**. Faircloth's Request to Call Witnesses is **DENIED**.

### STATEMENT OF THE CASE

On March 28, 2007, in the Superior Court of Emanuel County, Georgia, Faircloth pled guilty to twelve (12) counts of forgery in the first degree. (Doc. No. 20-1, p. 1). Faircloth was sentenced to ten (10) years' probation on each count to be served concurrently. (Id.). According to a special condition of probation, Faircloth was to serve 270–360 days in a probation detention center, which was to be "suspended upon

AO 72A
(Rev. 8/82)

completion of 12 month in house treatment facility." (Id.). Faircloth did not appeal his conviction or sentence. (Doc. No. 1, pp. 2–3, 12).

Faircloth apparently did not successfully complete the treatment program and was remanded to the custody of a probation detention center. (Doc. No. 20-2, p. 8). On December 20, 2007, Faircloth filed a Motion for Modification and Correction of a Void Sentence, wherein he claimed his transfers to a different probation detention center and then to Macon State Prison, both for health problems, were illegal and contrary to his original sentence. (Doc. No. 20-2, pp. 1–10). The Superior Court of Emanuel County denied Faircloth's motion and instructed Faircloth to pursue those conditions of confinement claims with the Georgia Department of Corrections, the entity responsible for placing inmates in certain facilities. (Id.). On February 3, 2008, Faircloth filed a Motion for Credit in Confinement, wherein he claimed that the Georgia Department of Corrections failed to credit the time he spend in the treatment facility against his probation detention center time. (Doc. No. 20-2, pp. 11–17). The Superior Court of Emanuel County dismissed Faircloth's motion because he failed to serve the motion on the opposing party. (Id.).

On May 7, 2010, the State of Georgia issued a Petition for Revocation of Probation based on Faircloth's alleged violation of terms of his probation. (Doc. No. 20-3, p. 1). On June 2, 2010, the Superior Court of Emanuel County revoked the balance of Faircloth's probation and ordered him to serve six (6) years, eight (8) months, and twenty-five (25) days of imprisonment. (Doc. No. 20-3, p. 2). On February 21, 2011, in the Superior Court of Ware County, Georgia, Faircloth filed a habeas corpus petition challenging the June 2, 2010, probation revocation. (Doc. No. 20-4).

AO 72A
(Rev. 8/82)

Next, Faircloth began attempts at challenging his 2007 conviction and sentence. Faircloth filed a Motion to Dismiss/Vacate sentence on March 12, 2011, and a Motion to Dismiss/Void Illegal Sentence on May 26, 2011. (Doc. No. 25-2, p. 2). Both attacked his 2007 conviction and sentence. (Id.). Both were dismissed by July 2011. (Id.). On September 29, 2011, Faircloth filed a Motion for Out of Time Appeal, which was denied on October 7, 2011. (Doc. No. 25-2, p. 3). Faircloth then filed a Notice of Appeal on November 3, 2011, which was dismissed on November 9, 2011. (Id.).

In another attempt to attack his 2007 conviction and sentence, Faircloth executed a Motion to Withdraw Plea on January 31, 2012; it was denied by the Superior Court of Emanuel County on March 8, 2012. (Doc. Nos. 25-1 and 25-2). On March 9, 2012, Faircloth filed a Motion to Withdraw Plea / Set Aside Conviction; the Superior Court of Emanuel County denied that motion on March 19, 2012. (Doc. Nos. 25-3 and 25-4).

On May 7, 2012, Faircloth filed the instant petition challenging, on four grounds, his March 28, 2007, conviction and sentence. (Doc. No. 1). In ground one, Faircloth claims that his due process rights were violated, that his counsel was ineffective, and that he was denied a court appearance within seventy-two (72) hours of arrest. In ground two, Faircloth claims that his due process rights were violated and that his counsel was ineffective because he "never knowingly or voluntarily waived his right to formal indictment" and because his lawyer did not properly investigate the accusations against him. (Doc. No. 1, p. 6). In ground three, Faircloth claims that his due process rights were violated, that the prosecutor engaged in misconduct, and that his counsel was ineffective. In ground four, Faircloth claims that his due process rights were violated, that his counsel was ineffective, and "judicial process" because he was denied

AO 72A
(Rev. 8/82)

a bond hearing, denied a "72 hour court appearance, formal arraignment," and placed in a facility without on-site medical. (Doc. No. 1, p. 10). Respondent contends that Faircloth's petition is untimely.

### DISCUSSION AND CITATION OF AUTHORITY

#### I. Exhaustion of state court remedies

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); See also 28 U.S.C. § 2254(b)(1). Faircloth did not properly appeal his conviction or sentence, nor did he file, in state court, any timely collateral attack on his conviction or sentence asserting the claims brought in this petition.

Faircloth filed a Motion to Dismiss/Vacate sentence on March 12, 2011, and a Motion to Dismiss/Void Illegal Sentence on May 26, 2011. (Doc. No. 25-2, p. 2). Both attacked his 2007 conviction and sentence. (Id.). Both were dismissed by July 2011. (Id.). On September 29, 2011, Faircloth filed a Motion for Out of Time Appeal, which was denied on October 7, 2011. (Doc. No. 25-2, p. 3). Faircloth then filed a Notice of Appeal on November 3, 2011, which was dismissed on November 9, 2011. (Id.).

Faircloth filed a Motion to Withdraw Plea in February 2012; it was denied by the Superior Court of Emanuel County on March 8, 2012. (Doc. Nos. 25-1 and 25-2). On March 9, 2012, Faircloth filed a Motion to Withdraw Plea / Set Aside Conviction; the Superior Court of Emanuel County denied that motion on March 19, 2012. (Doc. Nos. 25-3 and 25-4).

AO 72A
(Rev. 8/82)

In the motions to withdraw plea, Faircloth asserted at least some of the arguments brought in the instant petition.[1] However, none of Faircloth's motions or attempts to appeal constitute sufficient exhaustion under 28 U.S.C. § 2254(b)(1). "Because the exhaustion doctrine is designed to give the state courts a *full* and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one *full* opportunity to resolve any constitutional issues by invoking one *complete* round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). Because Faircloth did not give the state courts a full opportunity to act on the claims presented in his § 2254 petition by filing an appeal or a state habeas corpus petition, this Court is barred from reviewing the merits of those claims. For that reason, Faircloth's petition should be **dismissed**.

## II. Timeliness of petition

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions by a person in custody pursuant to a judgment of a state court. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C.A. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> (A) the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

---

[1] The Court does not have a copy of the motions to dismiss or the documents relating to the attempted appeal. As a result, the Court does not know what grounds were stated in support of those motions.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The applicable statute of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2244(d)(2). In order to toll the statute of limitation, the properly filed application for state post-conviction or other collateral review must be filed before the AEDPA statute of limitation has run. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled") (internal punctuation and citations omitted).

Faircloth entered his guilty plea on March 28, 2007. (Doc. No. 20-1, p. 1). Under § 2244(d)(1)(A), Faircloth's conviction and sentence became final thirty (30) days later, on April 28, 2007, when the time for filing a notice of appeal pursuant to O.C.G.A. § 5-5-38 expired. Faircloth had until April 27, 2008, to file a petition pursuant to § 2254 or to toll the statute of limitation by filing a state collateral attack. He did neither. In his Reply to Respondent's Motion to Dismiss, Faircloth states that he filed a motion to withdraw his plea, which was denied by the Superior Court of Emanuel County on March 8, 2012.

AO 72A
(Rev. 8/82)

That is true. Faircloth's motion to withdraw his plea, denied by the Superior Court of Emanuel County on March 8, 2012, was executed on January 31, 2012. (Doc. No. 25-1, pp. 4, 5). That motion was executed almost four (4) years after the limitations period expired; therefore, it did not toll the statute of limitation because there was no limitations period left to toll. Tinker, 255 F.3d at 1333. Faircloth's § 2254 petition is untimely and should be **dismissed**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Faircloth's petition be **DISMISSED** for failure to exhaust state court remedies and for failure to timely file.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 3rd day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE