IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DON ROBERT FAIRCLOTH,

    Petitioner,

v.                                         CIVIL ACTION NO.: CV612-043

GREGORY McLAUGHLIN, Warden,

    Respondent.

## ORDER

Petitioner Don Robert Faircloth ("Faircloth") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss, and Faircloth filed a Response. Respondent also filed two Notices of Filing in support of his Motion to Dismiss. In a Report dated October 3, 2012, the Magistrate Judge recommended that Faircloth's 28 U.S.C. § 2254 petition be dismissed. Faircloth filed Objections to the Magistrate Judge's Report. Faircloth also filed a second Response to Respondent's Motion to Dismiss and a Response to Respondent's second Notice of Filing.

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. The Magistrate Judge correctly determined that Faircloth's petition is time-barred and that Faircloth did not

AO 72A
(Rev. 8/82)

exhaust his state court remedies. Either of these findings is sufficient to dismiss Faircloth's petition.

In his Objections, Faircloth argues that the Court has jurisdiction to hear his petition and that his claims are meritorious. Neither of these Objections changes the findings that Faircloth's petition is time-barred and that Faircloth did not exhaust his state court remedies.

In his second Response to Respondent's Motion to Dismiss, Faircloth argues that the Court has jurisdiction to hear his petition; that his claims are meritorious; and that his First Amendment right to access the court has been, and continues to be, violated due to inadequate prison libraries. None of these arguments changes the findings that Faircloth's petition is time-barred and that Faircloth did not exhaust his state court remedies. Faircloth also argues in this Response that his petition is not untimely because it was filed "after the superior court submitted it's [sic] ruling on the 8th day of March, 2012." (Doc. No. 32, p. 3). Faircloth made this argument in his first Response to Respondent's Motion to Dismiss, and, after considering this argument, the Magistrate Judge correctly determined that Faircloth's petition is time-barred.

In his Response to Respondent's second Notice of Filing, Faircloth argues that the Court has jurisdiction to hear his petition; that he does not have access to an adequate law library, in violation of his First Amendment right to access the court; that his petition is timely; that his claims brought in his petition are meritorious; and that his rights have been violated by the Court's actions in the instant case. None of these arguments changes the findings that Faircloth's petition is time-barred and that Faircloth did not exhaust his state court remedies.

Faircloth's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Faircloth's 28 U.S.C. § 2254 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 2̲8̲ day of ___O̲c̲t̲.̲___, 2012.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA